IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No.: 5:12-CV-623-BO

WALTER LEE WHITAKER,           )
                 Plaintiff,           )
                                       )
          v.                          )        O R D E R
                                       )
                                       )
NASH-ROCKY MOUNT BOARD OF      )
EDUCATION d/b/a/ Nash-Rocky Mount )
Public Schools, and ROBIN       )
BODDIE-HAGANS                   )
               Defendants.           )

This matter is before the Court on defendants' motion for summary judgment. Plaintiff

has responded, defendants have replied, and the matter is ripe for ruling. For the reasons

discussed below, defendants' motion is granted.

## PROCEDURAL HISTORY

Plaintiff filed this action pro se on September 24, 2012, alleging that he has been

retaliated against by defendants for filing a separate lawsuit in this district against the Nash-

Rocky Mount Board of Education for violations of Title VII. No. 5:11-CV-246-BO. Defendants

in this matter sought to consolidate the two cases, but the Court denied their request in light of

the different posture of the cases at the time of the request. [DE 21]. Since the filing of the

instant motion for summary judgment, the Court has granted summary judgment in favor of

defendants in the earlier-filed Title VII action.

## STATEMENT OF THE FACTS

Plaintiff, Mr. Whitaker, was hired by Nash-Rocky Mount Public Schools at the beginning

of the 2007-2008 school year as a probationary teacher to teach language arts at Southern Nash

Middle School. Mr. Whitaker's contract was not renewed at the end of the 2008-09 school year;

Mr. Whitaker petitioned for judicial review of such decision, which was remanded to the Nash-Rocky Mount School Board for reconsideration as the record did not reflect a sufficient basis upon which to predicate non-renewal. [DE 27-3].

Mr. Whitaker was ultimately rehired by the School Board and placed as a language arts teacher at Parker Middle School beginning in September 2010. Mr. Whitaker was later assigned to that school's corrective reading program, as well as being placed in a co-teaching assignment during the 2011-2012 school year. Mr. Whitaker received ratings of proficient in all categories during the 2011-2012 school year.

On April 6, 2012, Mr. Whitaker filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) alleging discrimination based on retaliation. [DE 27-6]. The EEOC charge lists the discrimination as taking place between December 12, 2011 and March 17, 2012.[1] Mr. Whitaker states that he complained in December 2011 to Ms. Creedle and in March 2012 to Ms. Hankerson and Mr. Ward the he felt he was being retaliated against. In his EEOC charge, Mr. Whitaker points to being the only teacher without permanent students and a discrepancy in his December 2011 evaluation ratings. Mr. Whitaker states that in November and December 2011 he was told by Ms. Creedle that instructions regarding his student assignments were coming from the central office, and that a meeting was held at which Mr. Whitaker stated that there was not a "developing" rating on his evaluation, only "proficient" ratings. Mr. Whitaker further stated that he feels he has been retaliated against due to his Title VII complaints.

---

[1] Mr. Whitakerin his complaint points to several activities outside of the time period in his EEOC charge, which the Court has considered as EEOC charges filed without attorney assistance are to be liberally construed, *Chacko v. Patuxent Inst.*, 429 F.3d 505, 509 (4th Cir. 2005), and those claims reasonably related to the original EEOC charge may be maintained in a subsequent suit. *Evans Techs. Application & Svc. Co.*, 80 F.3d 954, 963 (4th Cir. 1996).

2

In the instant complaint, Mr. Whitaker contends that defendants retaliated against him by limiting jobs sites, denying proper job assignments after his successful NC Court of Appeals ruling, allowing him to endure pain, suffering, and deprivation at the hands of peers and some supervisors, sabotage through the use of peers as well as students, manipulation of his evaluation processes, and sitting idle after numerous complaints for relief from September 2010 until June 2012.

## DISCUSSION

I.    SUMMARY JUDGMENT STANDARD

A motion for summary judgment shall not be granted unless there are no genuine issues of material fact for trial. Fed.R.Civ.P. 56; *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The moving party must demonstrate the lack of material factual dispute, and if that burden is met, the party opposing the motion must "go beyond the pleadings" and come forward with evidence of a genuine factual dispute. *Celotex*, 477 U.S. at 324. The Court must view the facts and the inferences drawn from the facts in the light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986). Conclusory allegations are not sufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The plaintiff is proceeding pro se in this matter and, as such, the Court must consider the claims presented to it in a different light than it might consider the filings of professional attorneys. Although the Court must liberally construe pleadings submitted by a pro se claimant, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(per curiam), "a district court is not required to recognize obscure or extravagant claims defying the most concerted efforts to unravel them." *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

3

II.  PLAINTIFF HAS FAILED TO ESTABLISH A PRIMA FACIE CASE OF
     RETALIATION.

In order to prevail on his claim of retaliation under Title VII, Mr. Whitaker must first make a prima facie showing that he engaged in protected activity, that his employer took adverse employment action against him, and that a causal connection existed between the protected activity and the adverse employment action. *Williams v. Cerberonics, Inc.*, 871 F.2d 452, 457 (4th Cir. 1989). It is undisputed that Mr. Whitaker engaged in a protected activity by filing his Title VII employment discrimination action in this Court. Mr. Whitaker has failed, however, to show that he has suffered any adverse employment action.

While an adverse employment action in the context of a retaliation claim need not relate to an "ultimate employment decision" such as discharge or demotion, such action must be one that "produces an injury or harm." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67 (2006). In other words, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id.* at 68 (quotation and citation omitted). Mr. Whitaker's claims of adverse employment action must be considered in context, as an employment action in one context may be found to be materially adverse while in a different context it would not. *Id.* at 69.

A. *Limited Job Sites*

Mr. Whitaker has admitted through his deposition that defendants did not limit his job sites in the Nash-Rocky Mount Public School System. Indeed, Mr. Whitaker stated that he was provided a transfer slip that he could have used to request a transfer, but that he did not do so because he did not trust the school. Whitaker Dep. 26-33. Moreover, upon noticing that Mr. Whitaker's was not among the names requesting a transfer, Ms. Boddie-Haggins offered to

4

extend the deadline for Mr. Whitaker to submit a transfer slip, and Mr. Whitaker stated that he did not want to apply for a transfer. Boddie-Haggins Aff. ¶ 14. Mr. Whitaker later contends in his opposition to summary judgment that due to his position as a probationary teacher he was ineligible to apply for a transfer, which further undermines his claim that defendants prevented him from seeking a transfer. [DE 30-5]. Mr. Whitaker has come forward with no other evidence that would support his contention that defendants limited his job sites, and the Court cannot therefore find that any alleged limiting of job sites was in fact an adverse employment action.

B. *Proper Job Assignments*

Mr. Whitaker next contends that he suffered adverse employment action when defendants denied him proper job assignments after his successful ruling from the North Carolina Court of Appeals following the non-renewal of his contract in 2009. Mr. Whitaker asserts that when he arrived at Parker Middle School there was no work for him to do and that he "sat around" until the corrective reading program position was created for him. Whitaker Dep. 53-56. Mr. Whitaker further asserts that he applied for several positions at other schools that came open and was not selected for those positions. Whitaker Dep. 60-64.

Mr. Whitaker was rehired in September 2010 as full-time probationary teacher and was assigned to the corrective reading program that fall. Boddie-Haggins Aff. ¶¶7 -10. Beyond Mr. Whitaker's personal feelings about his position, there is no evidence in the record to suggest that a reasonable employee would have found such position or assignment in any way materially adverse. In regard to Mr. Whitaker's non-selection for the two positions at other schools for which he can specifically recall applying, Mr. Whitaker has failed to demonstrate that he was qualified for those positions or that someone similarly situated who had not made a complaint was selected for those positions. *See Silverman v. Bd. of Educ. of City of Chicago*, 637 F.3d 729,

742 (7th Cir. 2011) (inference of discrimination at prima facie stage permissible where an employer takes an action against employee in protected class but not against another outside the class, all other considerations being equal).

C. *General allegations regarding sabotage, manipulation, and inaction*

As further adverse employment action, Mr. Whitaker contends that defendants allowed him to endure pain, suffering, and deprivation, that defendants' sabotaged him through the use of peers and students, that defendants manipulated his evaluation processes, and that defendants sat idle after numerous complaints for relief from September 2010 until June 2012. Mr. Whitaker supports the foregoing claims by noting, *inter alia*, that he was offered a coaching position, allegedly so that defendants could then terminate him, that students arrived unprepared for tests, that he was put in situations where he needed to monitor numerous students, and that his email did not work properly. Whitaker Aff ¶¶ 6, 12, 13. However, "an employee's decision to report discriminatory behavior cannot immunize that employee from those petty slights or minor annoyances that often take place at work and that all employees experience." *Burlington*, 548 U.S. at 68.

Although Mr. Whitaker seems convinced that any workplace unpleasantness or frustration that he experienced was necessarily related to his filing a Title VII lawsuit or his appeal of defendants' decision not to renew his contract in 2009, he has simply failed to proffer sufficient evidence to demonstrate that a genuine issue of material fact exists as to whether he in fact suffered any adverse employment action. Mr. Whitaker has proffered only his own conclusory statements and personal beliefs, which are an insufficient basis upon which to survive a summary judgment motion. *See e.g. Hicks v. Bains*, 593 F.3d 159, 167-8 (2nd. Cir. 2010) (conclusory allegations of workplace sabotage insufficient to survive summary judgment on

6

retaliation claim); *D'Amico v. City of New York*, 132 F.3d 145, 149 (2nd Cir. 1998) ("non-moving party may not rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence showing that its version of events is not wholly fanciful."). None of the allegations by Mr. Whitaker of sabotage, manipulation, or inaction could be deemed to be materially adverse, but rather remain in the province of "ordinary workplace tribulations."[2] *Burlington*, 548 U.S. at 68 (citation omitted); *see e.g. Maron v. Va. Polytechnic Inst. & State Univ.*, 508 Fed. App'x 226, 230-31 (4th Cir. 2013) (statements threatening to terminate employment, spontaneous change of benchmarks required to be met before promotion and salary increase could be achieved, and attempt to replace employee out on FMLA leave *could* constitute materially adverse employment action).

As Mr. Whitaker has failed to establish a prima facie case of retaliation, the Court need not consider whether defendants have proffered a legitimate non-retaliatory basis for their actions, or whether such basis is in fact mere pretext. *Williams*, 871 F.2d at 457. Defendants are entitled to summary judgment in their favor.

## CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment [DE 26] is GRANTED and the clerk is DIRECTED to close the file.

SO ORDERED, this __9__ day of October, 2013.

*Terrence W. Boyle*

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

---

[2] In his opposition to the motion for summary judgment, Mr. Whitaker several times notes that he was subjected to a hostile work environment. Such claim is outside the scope of his EEOC charge of retaliation, but even if properly before the Court Mr. Whitaker has failed to show that his workplace was "permeated with discriminatory intimidation, ridicule, and insult that [was] sufficiently severe or pervasive to alter the conditions of [his] employment . . .." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (quotation and citation omitted).

7